UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

FAIR HOUSING JUSTICE CENTER, INC.                    **CV**

                                    Plaintiff,

        -against-                                    **COMPLAINT**

568 UNION DE LLC, 568 UNION LLC,
HEATHERWOOD COMMUNITIES LLC, KARL
FISCHER ARCHITECTURE PLLC, ATHWAL
ENGINEERING, P.C., AND SEVERUD
ASSOCIATES CONSULTING ENGINEERS, P.C.

                                    Defendants.

-------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff, Fair Housing Justice Center, Inc. (hereafter also referred to as "FHJC" or "plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against defendants 568 Union DE LLC, 568 Union LLC, Heatherwood Communities LLC, Karl Fischer Architecture PLLC, Athwal Engineering, P.C., and Severud Associates Consulting Engineers, P.C. (together collectively referred to as "defendants"), hereby alleges as follows:

### <u>NATURE OF THE CLAIMS</u>

1.      Plaintiff seeks to remediate rampant inaccessibility at a newly constructed residential apartment building for the benefit of persons with disabilities and those associated with them.  The day has come for defendants to accept responsibility to retrofit the apartment building that they designed and constructed in violation of the law.

2.      By this action, plaintiff asks for declaratory, injunctive and equitable relief, as well as compensatory and punitive damages to redress defendants' violations of

Federal Fair Housing Amendments Act of 1988 ("FHAA"), Title VIII of the Civil Rights Act, 42 U.S.C. §§ 3601 *et. seq.*; the New York State Executive Law (the "Executive Law"), § 296 *et. seq.*, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107 *et. seq.*

3.　　　　To reap unlawful profits, these defendants have and continue to make financial decisions to ignore the laws obligating them to make their apartment buildings accessible to persons with disabilities.  Defendants have and continue to design, construct and maintain apartment buildings that are not accessible to persons with disabilities.

## JURISDICTION AND VENUE

4.　　　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 3613 as this action involves federal questions regarding the deprivation of plaintiffs' rights under the FHAA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

5.　　　　Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination occurred in this district and the residential apartment building that is the subject of this action is located in this district.

## THE PROPERTY

6.　　　　The real property at issue in this action is located at 568 Union Avenue in Kings County, New York (hereinafter referred to as "568 Union").

7.　　　　568 Union is a residential apartment building consisting of a seven story building with elevator access containing approximately 95 rental dwelling units as well as public and common use areas, commercial spaces and a parking garage.

2

8.     The rental units at 568 Union are "dwellings" within the meaning of 42 U.S.C. § 3602(b) and "dwelling units" within the meaning of 24 C.F.R.§ 100.201 as well as "housing accommodations" within the meaning of the Administrative Code § 8-102(10) and Executive Law § 292(10).

9.     568 Union was designed and constructed for first occupancy after March 13, 1991.

10.     All of the residential units at 568 Union are "covered multifamily dwellings" within the meaning of 42 U.S.C. §3604(f)(7) and 24 C.F.R.§ 100.201 as well as "housing accommodations" within the meaning of the Administrative Code § 8-102(10) and a "multiple dwelling" and "multi-family dwellings" within the meaning of the Executive Law § 292(12).

11.     568 Union is subject to the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R.§ 100.205(a) and (c), as well as the accessibility requirements of New York State and New York City.

## PARTIES

### Plaintiff

12.     FHJC is a non-profit organization dedicated to ensuring that all people have equal access to housing opportunities in the New York City metropolitan region by eliminating housing discrimination and creating open, accessible, inclusive communities. FHJC's principal office is located in New York, New York.

13.     Among other things, FHJC a) provides information to the public and other nonprofit organizations in the New York City regional area about fair housing laws, b) provides intake counseling to individuals and organizations with allegations of housing

3

discrimination, c) conducts testing and other investigations of allegations of housing discrimination, d) makes legal referrals to cooperating attorneys, e) assists with the preparation and filing of administrative housing discrimination complaints, and f) provides post-referral litigation support services.  FHJC provides these services free of charge and without regard to income.

14.     FHJC also conducts testing investigations for government law enforcement agencies, provides technical assistance to nonprofit organizations engaging in fair housing enforcement activities, and engages in policy initiatives that further FHJC's mission, including the publication and dissemination of reports and educational materials.

15.     FHJC employs individuals as "testers," who are persons that assume the role of renters or homebuyers for the purpose of obtaining information about the conduct of local governments, landlords, real estate companies, agents, and others to determine whether unlawful housing discrimination is taking place.

16.     FHJC expended staff time and other resources to investigate and respond to defendants' discriminatory conduct, which has diverted resources away from other FHJC activities.

17.     Defendants' discriminatory practices frustrated and continue to frustrate FHJC's mission to ensure that all people have equal access to housing opportunities in the greater New York City region by designing and constructing inaccessible housing.

18.     FHJC has been and will continue to be injured by the discriminatory housing practices of defendants, and is an "aggrieved person" as defined in 42 U.S.C. § 3602(i) of the FHAA.

**Defendants**

19.     Each of the defendants participated in the process of the design and construction of 568 Union and, as such, each of the defendants had an independent non-delegable duty to comply with the requirements of the FHAA.

20.     Defendant 568 Union DE LLC is the current owner of 568 Union.

21.      Defendant 568 Union DE LLC purchased 568 Union from defendant 568 Union LLC.

22.     Defendant 568 Union DE LLC is a limited liability company formed under the laws of the State of Delaware with an office in Suffolk County.

23.     Upon information and belief, defendant 568 Union DE LLC is a subsidiary and/or affiliate corporation of defendants Heatherwood Communities LLC and 568 Union LLC.

24.     Defendant 568 Union DE LLC, in its capacity as the current owner of 568 Union, is also a party necessary to this lawsuit in whose absence complete relief cannot be afforded to plaintiff. *See e.g.* Executive Law §292(16).

25.     Defendant Heatherwood Communities LLC ("Heatherwood") is a limited liability company formed under the laws of the State of New York with an office in Suffolk County.  Defendant Heatherwood has been building residential rental communities, commercial property and luxury urban spaces in New York State for more than 60 years and has also expanded its business to building and managing rental and commercial properties.  See http://heatherwood.com/about/.

26.     In conjunction with a number of related corporations and entities - some of which are also defendants in this action - defendant Heatherwood develops,

constructs, owns, and manages multifamily complexes and buildings throughout the United States, including 568 Union.

27.     Defendant Heatherwood along with some or all of the other defendants continue to design and construct residential developments in New York such as a 135-unit rental building at 22 Eckford Street in Greenpoint, Brooklyn and a 58-story rental tower at 42-12 28th Street in Long Island City Queens. See http://therealdeal.com/blog/2015/10/06/heatherwood-plots-135-unit-greenpoint-resi-development/?utm_source=rss&utm_medium=rss&utm_campaign=heatherwood-plots-135-unit-greenpoint-resi-development.

28.     Defendant 568 Union LLC is a limited liability company formed under the laws of the State of New York with an office in Suffolk County, and upon information and belief, is a subsidiary and/or affiliate corporation of defendants Heatherwood and 568 Union DE LLC.

29.     Upon information and belief, defendant 568 Union LLC acted as the developer of 568 Union and was, among other things, responsible for the overall design and construction of the dwellings at 568 Union.

30.     Upon information and belief, defendant 568 Union LLC hired defendant Karl Fischer Architecture PLLC to perform architectural and engineering services for the design and construction of 568 Union.

31.     Defendant Karl Fischer Architecture PLLC is a professional service limited liability company formed under the laws of the State of New York with an office in New York County.

32.     Defendant Karl Fischer Architecture PLLC did perform architectural

and engineering services at 568 Union and, as such, was involved with the design and construction of the multi-family residential dwelling units and common areas at 568 Union.

33.    Upon information and belief, defendant 568 Union LLC also hired defendants Athwal Engineering, P.C. and Severud Associates Consulting Engineers, P.C. to provide engineering services for the design and construction of 568 Union.

34.    Defendants Athwal Engineering, P.C. and Severud Associates Consulting Engineers, P.C. did provide engineering services for the design and construction of 568 Union.

35.    Defendant Athwal Engineering, P.C. is a professional corporation incorporated under the laws of the State of New York with an office in New York County.

36.    Defendant Severud Associates Consulting Engineers, P.C. is a professional corporation incorporated under the laws of the State of New York with an office in New York County.

37.    Defendant Athwal Engineering, P.C. participated in the design and construction of 568 Union.

38.    Defendant Severud Associates Consulting Engineers, P.C. participated in the design and construction of 568 Union.

**Inaccessible features at 568 Union**

39.    FHJC investigated whether 568 Union was accessible to people with disabilities who use wheelchairs and whether 568 Union was designed and constructed in compliance with the accessibility requirements of the fair housing laws.

7

40.     As part of their investigation, FHJC sent testers to 568 Union to obtain information and take measurements.

41.     FHJC sent testers posing as individuals interested in renting an apartment for a relative with disabilities who uses a wheelchair.

42.     At 568 Union, FHJC testers observed that the public-use and common-use areas were not readily accessible to, and usable by, people with disabilities; that the doors designed to allow passage into and within all premises within such dwellings were not sufficiently wide to allow passage by people in wheelchairs; that the dwellings lacked a continuous accessible route into and through the dwellings; that the environmental controls inside the dwellings were not in accessible locations and/or accessible reach ranges; and that the kitchens and bathrooms were not useable for an individual in a wheelchair to maneuver about the space.

43.     The inaccessible design and construction features at 568 Union are remarkably similar to other dwellings designed and constructed by the defendants.  These and other similarities described above show that defendants have a regular practice of designing and constructing multi-family residential dwellings that do not comply with the accessibility requirements of the FHAA, Executive Law, and the Administrative Code.

44.     568 Union is inaccessible to people with disabilities. These architectural barriers deny and restrict people with disabilities from having the full ability to use and enjoy their home, and the building encompassing it, in the same manner as non-disabled persons.

45.     For instance, defendants designed and constructed 568 Union with inaccessible features that include, but are not limited to, the following: the public-use and

common-use areas were not readily accessible to, and usable by, people with disabilities; that the doors designed to allow passage into and within all premises within such dwellings were not sufficiently wide to allow passage by people in wheelchairs; that the dwellings lacked a continuous accessible route into and through the dwellings; that the environmental controls inside the dwellings were not in accessible locations and/or accessible reach ranges; and that the kitchens and bathrooms were not useable for an individual in a wheelchair to maneuver about the space.

46.     Upon information and belief, a full inspection of 568 Union will reveal the existence of other barriers to access.

47.     As required by the FHAA (remedial civil rights legislation) and to properly remedy defendants' discriminatory violations and avoid piecemeal litigation, plaintiff requires a full inspection of 568 Union in order to catalogue and seek remediation of the areas of non-compliance not identified in the Complaint.  Notice is therefore given that plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

48.     Upon information and belief, the defendants have and continue to design and construct other multifamily dwellings and housing complexes for first occupancy after March 13, 1991, which are also subject to the FHAA, Executive Law and Administrative Code's accessibility requirements, and which also do not comply with those requirements.

## STATUTORY AND REGLUATORY FRAMEWORK

49.     Congress enacted the design and construction accessibility requirement as part of comprehensive amendments to the Fair Housing Act in order to prohibit discrimination on the basis of disability.

50.     The legislative history of the FHAA reflects Congress' findings that the creation of architectural barriers at multifamily dwellings – for example, steps and thresholds at building or unit entrances - is equivalent to posting a sign saying "No Disabled People Allowed."

51.     Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including "architectural barriers" created by architects, developers and builders who fail to design and construct dwellings and common use areas at those dwellings accessible to and adaptable by people with disabilities. H.R. Rep. No. 100-711, at 25 (1988), *reprinted in* 1988 U.S.C.A.A.N. 2173, 2186; 134 Cong. Rec. S10454, 10463 (Aug. 1, 1998).

52.     Pursuant to Congressional authority, the United States Department of Housing and Urban Development ("HUD") promulgated the final FHAA design and construction regulations in January 1989. 24 C.F.R. § 100.205. HUD published the final Fair Housing Accessibility Guidelines on March 6, 1991, 56 Fed. Reg. 9472 ("FHAAG").

53.     The FHAA mandates that multi-family residential buildings built for first occupancy after March 13, 1991 containing four (4) or more units ("covered multi-family dwellings") must satisfy minimum design and construction requirements. Covered multi-family dwellings must provide at least the following:

a.      Public-use and common-use areas that are readily accessible to, and usable by, people with disabilities;

b.      Doors designed to allow passage into and within all premises within such dwellings that are sufficiently wide to allow passage by people in wheelchairs;

c.      An accessible route into and through the dwellings to provide access for people with disabilities throughout the unit;

d.      Light switches, electrical outlets, thermostats and other environmental controls in accessible locations;

e.      Reinforcements in bathroom walls that allow for the later installation of grab bars around toilet, tub, shower stall and shower seat; and

f.      Usable kitchens and bathrooms such that an individual who uses a wheelchair can maneuver about the space.

54.     The FHAA also prohibits discriminatory notices and statements, 42 U.S.C. § 3604(c); discrimination in the sale or rental of a dwelling or to otherwise make unavailable or deny a dwelling to an individual because of disability, 42 U.S.C. § 3604(f)(1); discrimination in the terms, conditions, or privileges of sale or rental, or in the provision of services or facilities in connection with such dwelling because of disability, 42 U.S.C. § 3604(f)(2); refusing to permit reasonable modifications of existing premises that are necessary to afford full enjoyment of the premises, 42 U.S.C. § 3604(f)(3)(A); and refusing to make reasonable accommodations, 42 U.S.C. § 3604(f)(3)(B)

55.     The New York State Human Rights Law similarly prohibits failing to design and construct covered multifamily dwellings in an accessible manner, discriminatory notices or statements, denying or withholding housing accommodations because of disability, and discrimination in the terms, conditions, or privileges of sale

and rental because of disability, and refusing reasonable modifications and accommodations, Article 15 of the New York State Executive Law§ 296(5) and (18).

56.     The New York City Human Rights Law (Title 8 of the Administrative Code of the City of New York) prohibits discrimination because of disability in the terms, conditions or privileges of sale and rental of a housing accommodation, and includes refusals to permit reasonable accommodations.  See Administrative Code §§ 8-107(5) and 27-292.8 which contains the accessibility requirements under the NYC Building Code.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE FEDERAL FAIR HOUSING AMENDMENTS ACT)

57.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

58.     Plaintiff is an "aggrieved person" authorized to file suit under the FHAA. 42 U.S.C. §§ 3602 and 3613(a)(1)(A).

59.     Plaintiff has suffered an injury under the FHAA because for, among other reasons, its financial resources have been diverted from its time and services to investigate and counteract the defendants' unlawful conduct.  Plaintiff has been and continues to be frustrated in its mission and efforts by having to devote resources toward the defendants' unlawful conduct.

60.     568 Union is a "covered multi-family dwellings" as defined by 42 U.S.C. § 3604(f)(7).

61.     Defendants have and continue to violate 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R.§100.205(c) by failing to design and construct 568 Union in a manner that the

public use and common use portions are readily accessible to and usable by persons with disabilities.

62.     More specifically, defendants have and continue to violate 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R.§100.205(c) by failing to design and construct 568 Union in a manner that all premises contain the following features of adaptive design: doors designed to allow passage into and within all premises within such dwellings that are sufficiently wide to allow passage by people in wheelchairs; an accessible route into and through the dwellings; environmental controls in accessible locations; and usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

63.     Defendants therefore discriminate in the rental of, and otherwise make unavailable or deny, dwellings to renters because of disability in violation of 42 U.S.C. § 3604(f)(1) and 24 C.F.R.§ 100.202(a).

64.     Defendants therefore discriminate against persons with disabilities in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection with the dwelling, because of a disability, in violation of 42 U.S.C. § 3604(f)(2) and 24 C.F.R.§ 100.202(b).

65.     Defendants therefore engage in a pattern and practice of continuing to design and construct covered multifamily dwellings and adjoining common use areas in violation of 42 U.S.C. § 3604(f)(3)(C) and 24 C.F.R.§ 100.205(c).

66.     As a direct and proximate result of defendants' failure to design and construct in compliance with the accessibility requirements of the FHAA, plaintiff has and continues to suffer damages, including diversion of resources and frustration of

mission.

67.     Defendants have and continue to discriminate against plaintiff in violation of the FHAA by creating, fostering, condoning, accepting, ratifying, and otherwise failing to prevent or to remedy the discrimination described herein.

68.     Defendants' failure to design and construct was intentional, willful, or with reckless disregard for the rights of people with disabilities.  Defendants also knew of or ratified the discriminatory acts of their agents, ignored their duties under the law, or otherwise engaged in knowledgeable inaction.

## SECOND CAUSE OF ACTION
### (Violation of New York State Executive Law)

69.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

70.     Plaintiff is a person as defined by the Executive Law § 292(1).

71.     568 Union is a "multiple dwelling" and/or "multi-family dwelling" as defined by the Executive Law § 292(12).

72.     The residential units at 568 Union are "housing accommodations" as defined by § 292(10) of the Executive Law.

73.     In violation of the Executive Law § 296(18)(3), defendants have committed discrimination by failing to design and construct a covered multifamily dwelling, 568 Union, in compliance with the accessibility requirements found in the New York State Uniform Fire Prevention and Building Code.

74.     Defendants have and continue to commit discrimination in violation of the Executive Law §296(5) by limiting and denying people with disabilities access to the facilities and services available to the non-disabled.

14

75.     Defendants have and continue to commit discrimination in violation of the Executive Law §296(5) by discouraging people with disabilities from renting by denying such persons access to facilities and services available to the non-disabled persons.

76.     Defendants' unlawful conduct has excluded and continues to exclude people with disabilities from visiting and/or renting at 568 Union.

77.     Defendants have and continue to commit discrimination by refusing to make reasonable accommodations and modifications in their rules, policies, practices, or services that are necessary to afford people with disabilities equal opportunity to use and enjoy their housing accommodation in violation of the Executive Law §296(18)(2).

78.     Defendants have and continue to commit discrimination by refusing to make reasonable modifications and modifications to the common use portions of 568 Union that are necessary to afford people with disabilities equal opportunity to use and enjoy their housing accommodation in violation of Executive Law §296(18)(2).

79.     Defendants have and continue to commit discriminate against plaintiff in violation of Executive Law by maintaining and/or creating an inaccessible housing accommodation.

80.     It would not impose an undue hardship or undue burden on defendants to make reasonable accommodations and modifications to make 568 Union fully accessible to people with disabilities.

81.      Defendants' discriminatory actions were and are intentional, willful, or with reckless disregard for the rights of people with disabilities. Defendants also knew of or ratified the discriminatory acts of their agents, ignored their duties under the law, or otherwise engaged in knowledgeable inaction.

15

82.     As a direct and proximate result of defendants' unlawful discrimination in violation of the Executive Law, plaintiff has and continues to suffer damages, including diversion of resources and frustration of mission.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE ADMINISTRATIVE CODE OF
### THE CITY OF NEW YORK)

83.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

84.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

The provisions of this title shall be *construed liberally* for the accomplishment of the *uniquely broad and remedial* purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 (emphasis added).

85.     The Administrative Code requires property owners, owners, and managing agents, to make reasonable accommodations for persons with disabilities.  Administrative Code § 8-107(15)(a).

86.     Plaintiff is a person as defined by Administrative Code § 8-102(1).

87.     The residential units at 568 Union are "housing accommodations" as defined by Administrative Code § 8-102(10).

88.     568 Union contains more than three residential apartments.

89.     568 Union has at least one passenger elevator.

90.     568 Union was built after 1987.

91.     568 Union does not comply with the requirements of Administrative Code § 27-292.8.

92.     Defendants violated the Administrative Code by designing and constructing 568 Union in a manner that does not comply with Administrative Code § 27-292.8.

93.     Defendants have and continue to commit discrimination in violation of Administrative Code § 8-107 and Local Law 58 by maintaining and/or creating an inaccessible housing accommodation.

94.     Defendants' have and continue to subject people with disabilities to disparate treatment by otherwise denying and/or otherwise withholding from people with disabilities the ability to use and enjoy all the advantages, services, facilities, and privileges of the defendants' housing accommodation by the creation and maintenance of a housing accommodation that is inaccessible to wheelchair users in violation of Administrative Code § 8-107(5)(a)(1).

95.     Defendants' denial to and withholding from people with disabilities refusal via the inaccessible design and construction of 568 Union was deliberate, calculated, egregious, and undertaken with reckless disregard for anti-discrimination provisions of the Administrative Code.

96.     It would not impose an undue hardship on defendants to make reasonable accommodations or modification to make their housing accommodation fully accessible. Administrative Code §8-102(18)

97.      By failing to comply with the law, defendants have articulated to people with disabilities that they are not welcomed, objectionable, and not desired as tenants of 568 Union.

98.      In violation of Administrative Code § 8-107(6), defendants have and continue to, aid and abet, incite, compel or coerce each other in each of the other defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their housing accommodation.

99.      Defendants' unlawful discriminatory conduct constitutes malicious, willful and wanton violations of the Administrative Code thereby warranting an award of punitive damages.  Administrative Code § 8-502.

100.     By refusing to make 568 Union accessible to plaintiff, defendants have and continue to unlawfully profit from their discriminatory conduct.  Defendants did and do so from the income received from additional rental square footage that should have been utilized for accessibility.

101.     Defendants also unlawfully profited from their discriminatory conduct by retaining money that would have and should otherwise be expended on accessible features.

102.     Defendants' unlawful profits plus interest must be disgorged.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF NEW YORK STATE CIVIL RIGHTS LAWS)**

103.     Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

104.     Defendants discriminated against plaintiff in the public use spaces pursuant to the Executive Law.

105.     Consequently, plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every violation.

106.     Notice of the defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A.     Enter declaratory judgment declaring that defendants' have violated the FHAA, Executive Law, New York State Civil Rights Law and the Administrative Code;

B.     Issue a permanent injunction ordering defendants remove all violations of the FHAA, Executive Law and Administrative Code and enjoining defendants, defendants' agents, employees, and successors, and all other persons in active concert or participation from discriminating on the basis of disability, including the following:

      i.   Refusing to rent, denying or withholding housing, or otherwise making housing unavailable on the basis of disability;

      ii.  Discriminating in the terms, conditions, or privileges of renting on the basis of disability;

      iii. Making notices or statements with regard to the rental of a dwelling that indicate a preference, limitation or

discrimination based on disability;

    iv. Refusing to make reasonable accommodations or to permit reasonable modifications for people with disabilities; and

    v. Failing to design and construct covered multifamily dwellings in compliance with the accessibility requirements of the FHAA, Executive Law, and Administrative Code.

**C.** Issue a permanent injunction prohibiting defendants from designing and constructing future multifamily housing in violation of the FHAA, Executive Law and Administrative Code's design and construction accessibility requirements;

**D.** Enjoining defendants and their agents, employees, and successors, and all other persons in active concert or participation to:

    i. Make or pay for all the necessary retrofitting in the multifamily dwellings and common areas of 568 Union;

    ii. Make all necessary modifications to their policies, practices, and procedures to comply with the laws;

    iii. Train all management, agents, and employees on fair housing laws; and

    iv. Allow monitoring of their design and construction of covered multifamily dwellings for compliance with the accessibility requirements of the FHAA, Executive Law and the Administrative Code.

**E.** Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

**F.** Award plaintiff compensatory damages as a result of defendants' violations of FHAA, Executive Law and the Administrative Code;

**G.** Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the FHAA, Executive Law and the Administrative Code;

     **H.**     Award plaintiff monetary damages for each and every barrier and violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

     **I.**     Find that plaintiff is a prevailing party in this litigation and award reasonable attorneys' fees, costs and expenses pursuant to the FHAA, Executive Law and the Administrative Code; and

     **J.**     For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: October 30, 2015
     New York, New York

          Respectfully submitted,

          **PARKER HANSKI LLC**

          By:____/s_____
             Glen H. Parker, Esq.
             Attorneys for Plaintiff
             40 Worth Street, 10th Floor
             New York, New York 10013
             Telephone: (212) 248-7400
             Facsimile: (212) 248-5600
             Email: ghp@parkerhanski.com